DORSEY & WHITNEY LLP
Bruce R. Ewing
Fara S. Sunderji
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Plaintiff
Avalanche IP LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVALANCHE IP LLC,                            :
                                             :          18-CV-
                    Plaintiff,               :
                                             :
             - against -                     :
                                             :          **COMPLAINT WITH JURY**
IAPPAREL LLC and BCTS BRANDS LLC,            :          **DEMAND**_____
                                             :
                    Defendants.              :
------------------------------------------------------------X

       Plaintiff Avalanche IP LLC ("AIP" or "Plaintiff"), by its attorneys, Dorsey & Whitney

LLP, for its Complaint against defendants IApparel LLC and BCTS Brands LLC (collectively,

"Defendants"), alleges as follows:

<u>Introduction</u>

       1.      The claims asserted in this action arise out of Defendants' blatant counterfeiting

of Plaintiff's federally registered AVALANCHE trademark and their transparent effort to pirate

the goodwill Plaintiff and its predecessors have established in that mark through a substantial

investment of time and resources.  Defendants' goal, obviously, is to confuse and deceive the

consuming public, and Plaintiff has brought this action to put an end to their wrongful conduct.

       2.      AIP, through licensees, creates and sells lines of outerwear and other apparel;

sleeping bags, tents and related camping gear; water bottles, outdoor lighting; pet products and

other goods under the popular AVALANCHE brand.  AIP's high quality and stylish products are

sold at major retailers, both online and in stores.  These products are purchased by millions of American consumers each year.

3.     Upon information and belief, Defendants also manufacture, market, sell and/or license the sale of clothing, including outerwear, that is distributed in the same types of trade channels as AIP's AVALANCHE outerwear.  Earlier, when the prior owner of the AVALANCHE trademarks expressed an interest in selling such marks to a third party, Defendants were among the interested purchasers, as was AIP, which eventually succeeded in buying the AVALANCHE trademarks and their underlying goodwill, as well as the business with which they had been used.  However, even though Defendants failed in their effort to acquire the AVALANCHE trademarks, they have been selling outerwear bearing a counterfeit AVALANCHE trademark that AIP acquired.  In doing so, Defendants have, in bad faith, undertaken an effort to cause confusion in the marketplace among AIP's customers and damage the underlying goodwill of the AVALANCHE trademarks.

4.     Thus, AIP has commenced this action to protect and defend its valuable trademark rights against Defendants' acts of trademark counterfeiting, infringement, unfair competition and dilution in violation of U.S. and New York law.

## Parties, Jurisdiction and Venue

5.     Plaintiff Avalanche IP LLC is a limited liability corporation organized under the laws of the State of New York that maintains offices at 34 West 33rd Street, 5th Floor, New York, New York.

6.     Upon information and belief, defendant IApparel LLC ("IApparel") is a limited liability company organized under the laws of the State of New York that maintains offices at 1407 Broadway, Suite 1721, New York, New York.

7.      Upon information and belief, defendant BCTS Brands LLC ("BCTS") is a limited liability company organized under the laws of the State of New York that maintains offices at 385 Fifth Avenue, New York, New York.  Upon information and belief, BCTS and IApparel are related companies operating under common ownership and/or control, and BCTS acts as licensor to IApparel with respect to the use of certain trademarks, including the marks at issue herein.

8.      This is a civil action arising out of Defendants' sale of goods under a counterfeit mark; infringement of a federally registered trademark owned, used and/or licensed by AIP; and unfair competition, all in violation of §§ 32(1) and 43(a) of the U.S. Trademark Act of 1946, *as amended* (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(a), and New York State law.

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Upon information and belief, this Court has personal jurisdiction over Defendants pursuant to CPLR 301 and 302 by virtue of their physical location within this State and this District, their commission of tortious conduct as described herein in the State of New York and this District, and their transaction of business within the State of New York and this District. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**AIP's Products and the Success of Its Goods Bearing the AVALANCHE Trademark**

11.     AIP is the owner and licensor of the trademarks AVALANCHE and AVALANCHE WEAR, which have been used since 1988 and 1989, respectively, with a wide variety of apparel, including, but not limited to, outerwear consisting of jackets, shirts, vests, pants and related goods.  In addition, in the years since 1988, AIP or its predecessors have launched other types of goods bearing the AVALANCHE trademark, including sleeping bags, tents, camping gear, outdoor lights, water bottles and an array of pet products.  Goods bearing

3

the AVALANCHE trademark are sold through the website accessible at <avalanchewear.com>, as well as other popular online retailers such as Amazon.  In addition, AIP's AVALANCHE goods are sold at well-known brick-and-mortar retailers such as Cabelas, Dick's Sporting Goods, Kohl's, Sam's Club, TJ Maxx, Hibbett Sports, Costco and Burlington.

12.     Since sales of AVALANCHE apparel began, wholesale sales of such goods have grown steadily and now amount to almost $30 million annually.  In addition, the AVALANCHE brand has received favorable media and consumer attention for providing innovative, high quality clothing to consumers with active lifestyles.  Indeed, it is for this reason, among others, that AIP and third parties, including Defendants, were interested in acquiring the brand when it was previously offered for sale.

13.     AIP is the owner of multiple trademark registrations issued by the U.S. Patent & Trademark Office on the Principal Trademark Register covering its AVALANCHE trademarks for apparel and other goods, as set forth below:

| Reg. No. | Trademark | Goods |
|---|---|---|
| 3,081,544 | AVALANCHE | clothing and accessories, namely shirts, pants, shorts, socks, t-shirts, sweaters, vests, jackets, headwear, underwear, sweatshirts, and sweatpants |
| 3,100,672 | AVALANCHE WEAR | clothing, namely shirts, pants, shorts, socks, t-shirts, sweaters, vests, jackets, headwear, underwear, sweatshirts, and sweatpants |
| 5,177,677 | AVALANCHE | sleeping bags, hammocks, tents |

All of the foregoing trademark registrations are valid and subsisting, and the first two such registrations are incontestable under 15 U.S.C. § 1064.  The AVALANCHE and AVALANCHE WEAR trademarks are distinctive trademarks symbolizing consumer goodwill whose value to AIP is substantial.

4

14.     AIP also owns common law rights in the distinctive trademark AVALANCHE

that are protectable at law by virtue of AIP's continuous and exclusive use of same in connection

with apparel and related goods, as described above.

15.     By virtue of its continuous and substantial use of the AVALANCHE trademark

since 1988, the quality of goods sold by AIP's licensees under the AVALANCHE trademark,

and the high level of sales of such goods that have been achieved over time, AIP has developed

substantial, valuable goodwill with respect to the AVALANCHE trademark.

16.     The widespread promotion and use of the AVALANCHE trademark by AIP (and

its predecessors) and its licensees has caused the trade and public to associate the AVALANCHE

trademark with AIP and caused the trade and public to believe that the goods provided in

connection with the AVALANCHE trademark are exclusively associated with, or are sponsored

or licensed by, AIP.

### Defendants' Wrongful Activities

17.     Upon information and belief, Defendants, in common with the rest of the trade,

are well aware of AIP's rights in the AVALANCHE trademark and of the goodwill represented

and symbolized thereby.  Indeed, upon information and belief, Defendants were among the

parties interested in purchasing the AVALANCHE trademarks, their underlying goodwill and the

business with which they were used from AIP's predecessor in interest.  Thus, Defendants have

had specific awareness of the strength and recognition of the AVALANCHE trademarks for a

significant period of time.

18.     Notwithstanding said awareness, and in fact by reason of same, Defendants, upon

information and belief, have knowingly manufactured, distributed, offered for sale and/or sold in

the United States apparel bearing a counterfeit AVALANCHE mark, and/or directly and actively

participated in such activities, without authorization and in a manner designed to confuse consumers. Upon information and belief, apparel branded with the counterfeit AVALANCHE mark is or has been sold at the sorts of retailers that sell apparel featuring AIP's genuine AVALANCHE marks, including Burlington and Amazon.

19.     Specifically, IApparel, operating with the full, knowing involvement of BCTS, has distributed outerwear products using a counterfeit AVALANCHE trademark, as shown in Exhibit 1 hereto, that was intended to and is likely to cause confusion among consumers with AIP's genuine AVALANCHE trademarks. Upon information and belief, BCTS has actively participated in the manufacture, sale and distribution of outerwear bearing the counterfeit AVALANCHE trademark, by, among other things, reviewing, approving and/or directing the manufacture and distribution of such counterfeit goods by IApparel. Indeed, the hang tags accompanying the goods in question state clearly that they are manufactured by IApparel and offered under license by BCTS. As a result, BCTS has the right and ability to control such wrongful activity, as well as a direct financial interest in such activity.

20.     In and around early October 2018, AIP learned that Defendants were selling outerwear using a counterfeit AVALANCHE trademark and sent a letter demanding that all such sales cease. Defendants admitted they had sold product bearing the AVALANCHE trademark. However, notwithstanding the flagrant violations of AIP's valuable trademark rights in which Defendants are engaged, they characterized their use of AVALANCHE on the jacket in question as a "generic term," and that such use was limited to a single style in 2017, even though AIP has found multiple styles made by Defendants bearing the AVALANCHE mark that remain on store shelves and available online. They have also refused to disclose <u>any</u> information about the scope of their sales of counterfeit merchandise and the ill-gotten profits such sales generated, instead

stating that AIP's claims are "total bullshit. You guys should be ashamed of yourselves for accusing me of anything improper."

21.    Defendants have therefore not only engaged in misconduct that has caused and will continue to cause irreparable harm to AIP and to the substantial goodwill embodied in AIP's AVALANCHE trademarks, they have compounded their misconduct by engaging in flagrant acts of bad faith aimed perpetuating their wrongdoing.  Such acts will continue unless restrained by this Court.

22.    AIP has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Trademark Counterfeiting Under
### Section 32(1) of the Lanham Act

23.    AIP repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

24.    Under 15 U.S.C. § 1114(1), the use in commerce of a counterfeit of a registered trademark like AIP's AVALANCHE trademark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive is prohibited.  Likewise, the statute prohibits the use of counterfeits of a registered mark applied to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce in connection with the sale of goods on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.

25.    The statute likewise prohibits third parties from materially contributing to the counterfeiting activity of another, and also imposes liability on third parties with both the right and ability to control illegal counterfeiting activity and a direct financial interest in such activity.

26.     A "counterfeit" is defined in 15 U.S.C. § 1127 as a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark."  The AVALANCHE trademark used on Defendants' goods qualifies as such a counterfeit mark.

27.     By willfully manufacturing, selling, offering for sale, advertising and distributing outerwear bearing AIP's AVALANCHE trademark, or by knowingly and materially contributing to such wrongful use of AIP's AVALANCHE trademark, or by having both the right and ability to control such counterfeiting activity and a direct financial interest in such activity, Defendants are engaged in willful trademark counterfeiting in violation of 15 U.S.C. § 1114(1) that has caused damage to AIP and its AVALANCHE trademark.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement Under Section 32(1) of the Lanham Act

28.     AIP repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

29.     Under 15 U.S.C. § 1114(1), the use in commerce of a colorable imitation of a registered trademark like AIP's AVALANCHE trademark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive is prohibited.  Likewise, the statute prohibits the use of colorable imitations of a registered mark applied to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce in connection with the sale of goods on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.

30.     The statute likewise prohibits third parties from materially contributing to the infringing activity of another, and also imposes liability on third parties with both the right and ability to control such illegal activity and a direct financial interest in such activity.

31.     By manufacturing, selling, offering for sale, advertising and distributing outerwear bearing AIP's AVALANCHE trademark, or by knowingly and materially contributing to such wrongful use of AIP's AVALANCHE trademark, or by having both the right and ability to control such infringing activity and a direct financial interest in such activity, Defendants are engaged in willful trademark infringement in violation of 15 U.S.C. § 1114(1) that has caused damage to AIP and its AVALANCHE trademark.

### THIRD CLAIM FOR RELIEF
#### Infringement and Use of False Designations
#### of Origin Under Section 43(a)(1)(A) of the Lanham Act

32.     AIP repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

33.     By manufacturing, selling, offering for sale, advertising and distributing outerwear bearing AIP's AVALANCHE trademark, or by knowingly and materially contributing to such wrongful use of AIP's AVALANCHE trademark, or by having both the right and ability to control such infringing activity and a direct financial interest in such activity, Defendants are engaged in willful acts of unfair competition in violation of 15 U.S.C. § 1114(1) that has caused damage to AIP and its AVALANCHE trademark.

### FOURTH CLAIM FOR RELIEF
#### Common Law Trademark Infringement

34.     AIP repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

35.     By manufacturing, selling, offering for sale, advertising and distributing outerwear bearing AIP's AVALANCHE trademark, or by knowingly and materially contributing to such wrongful use of AIP's AVALANCHE trademark, or by having both the right and ability to control such infringing activity and a direct financial interest in such activity, Defendants are engaged in willful trademark infringement in violation of New York common law that has caused damage to AIP and its AVALANCHE trademark.

**FIFTH CLAIM FOR RELIEF**
**<u>Common Law Unfair Competition</u>**

36.     AIP repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

37.     By manufacturing, selling, offering for sale, advertising and distributing outerwear bearing AIP's AVALANCHE trademark, or by knowingly and materially contributing to such wrongful use of AIP's AVALANCHE trademark, or by having both the right and ability to control such infringing activity and a direct financial interest in such activity, in bad faith, Defendants are engaged in willful acts of unfair competition in violation of New York common law that has caused damage to AIP and its AVALANCHE trademark.

**SIXTH CLAIM FOR RELIEF**

**<u>Dilution Under New York General Business Law § 360-l</u>**

38.     AIP repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

39.     By manufacturing, selling, offering for sale, advertising and distributing outerwear bearing AIP's AVALANCHE trademark, or by knowingly and materially contributing to such wrongful use of AIP's AVALANCHE trademark, or by having both the right and ability

10

to control such infringing activity and a direct financial interest in such activity, Defendants are engaging in activity that dilutes the distinctive quality of AIP's AVALANCHE trademark in violation of New York General Business Law § 360-1.

WHEREFORE, Plaintiff prays for a judgment:

1.      Temporarily, preliminarily and then permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them, from the manufacture, distribution, offering for sale, sale, advertising and/or promotion in the United States of any clothing or related product that:

(i) uses or depicts in any way the AVALANCHE trademark, any counterfeit or colorable imitation thereof, or any other designation that is confusingly similar to the AVALANCHE trademark; and

(ii) any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' business and products are in any way associated or affiliated with or related to Plaintiff's AVALANCHE products or Plaintiff.

2.      Directing Defendants to recall from all retailers any goods violative of AIP's rights herein.

3.      Directing Defendants to deliver up to Plaintiff for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all clothing items, accessories, labels, hang tags, signs, prints and advertising or promotional materials in its possession or within their custody or control that bear any designation in violation of Plaintiff's rights as decreed herein, together with all means of making the same.

4.      Directing Defendants to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116.

5.      Directing Defendants to account to Plaintiff for their profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b).

6.      Awarding Plaintiff its actual damages incurred as a consequence of Defendant's wrongful conduct as described herein, pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b).

7.      Statutory damages under 15 U.S.C. § 1117(c) of up to $2 million per counterfeit mark per type of goods sold, offered for sale or distributed, on account of Defendants' willful acts of trademark counterfeiting.

8.      Awarding Plaintiff its reasonable attorneys' fees, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117.

9.      Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and defenses so triable.

Dated: New York, New York   DORSEY & WHITNEY LLP
   October 22, 2018

            By: */s/ Bruce R. Ewing*
               Bruce R. Ewing
               Fara S. Sunderji
               51 West 52nd Street
               New York, New York 10019
               (212) 415-9200

               Attorneys for Plaintiff
               Avalanche IP Holdings LLC